UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff

vs.                                                 Case No. 2:03-cr-0017- WTL/CMM

DAVID GARROW,

        Defendant

**REPORT TO DISTRICT JUDGE**
**PROPOSED FINDINGS OF FACT AND**
**CONCLUSION OF LAW**

A hearing was convened in this matter on October 7, 2014, on a Petition filed September 5, 2014 [Doc. 4] seeking revocation of the defendant's supervised release for alleged violations of the terms and conditions of his sentence while under supervision. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) and the Entry and Order issued by The Hon. William T. Lawrence, U. S. District Judge, on September 9, 2014. [Doc. 6]

The Government appeared by Bradley Blackington, Assistant United States Attorney; the defendant, David Garrow, appeared in person (in custody) and by counsel, David Mejia. The Court previously had conducted an initial appearance in this matter on September 24, 2014, to advise the defendant of his rights. The matter of a preliminary hearing was deferred at that time. Based on these proceedings, the necessity of a preliminary hearing is moot because of the parties' partial agreement set forth in this report.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of certain violations, but each reserved argument with respect to a

recommended sentence. The Court advised the defendant of his constitutional rights and the burden of proof with respect to the alleged violations. The defendant reviewed with counsel in open court the specific allegations contained in the Petition filed September 5, 2014. Defendant further was advised that the Court was not a party to any agreement with the Government with regard to admission of the violations or the recommended sentence. The defendant advised the Court that his admission was voluntary and not made under any coercion or promise other than the statement by counsel summarizing the agreement. Finally, the defendant was advised that the Magistrate Judge's powers were limited to making recommendations to the District Judge and that the District Judge could accept or reject the recommendation in his discretion.

The defendant was sworn and testified under oath that violations 2 and 3 were true. The defendant was not asked any question regarding violation 1 because the parties' agreement contemplated dismissal of that alleged violation. The Court found that the defendant made a knowing, intelligent and voluntary admission of violations 2 and 3 of the Petition.

The Court heard the testimony of U. S. Probation Officer Brian Bowers and Heather Garrow, the defendant's daughter. In addition, the defendant submitted a handwritten two-page statement together with brief letters from prospective employers or contractors, all of which was marked and admitted as Exhibit 1 without objection by the Government. Argument was then heard on the matter of appropriate disposition of this matter.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

## Findings of Fact

1. The defendant, David Garrow, was sentenced on January 23, 2004, upon his conviction for Production of Child Pornography. The original sentence included 121 months imprisonment and three years of supervised release.

2. The defendant was under supervision of the U.S. Probation Office effective March 26, 2012, and at the time the Petition was filed seeking revocation of supervised release on September 5, 2014, was still under supervision.

4. While under supervision, the defendant violated the terms of the supervised release as follows:

   a. The defendant possessed or used a computer or other related hardware or software during supervised release without the consent or approval of the Probation Officer.

   b. The defendant possessed pornography, erotica or nude images during the period of his supervised release. Forensic examination revealed a substantial number of such images on the defendant's mobile telephone, all of which appeared to be depictions of adults engaged in sexual activity or appearing nude.

5. The defendant admitted these allegations under oath.

6. The specific allegations violate the terms of supervised release as follows:

   a. Garrow's actions violated a prohibition on possessing or using a computer or other related hardware or software during the time of supervised release unless approved by the probation officer.

   b. Garrow's actions violated a prohibition on possessing pornography, erotica or nude images—such material is deemed contraband subject to confiscation by the probation officer.

7. Garrow concedes that he has addictive behaviors and has been unable to control his conduct to conform to the law or the requirements of his supervised release. He has engaged in counseling. Until seizure of the contraband on August 12, 2014, Garrow had satisfied the

conditions of his supervised release without violation. He has been regularly employed and his business pursuits contribute to the economic welfare and employment of family members. Work is available for him upon release from his current detention.

8.  The Government recommends incarceration for the violations for a period of three months; the defendant recommends immediate release and credit for time served.

## Conclusions of Law

1.  The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release prior to and on August 12, 2014.

2.  The defendant's sentence shall be modified to impose a sentence of 30 days of incarceration (executed detention) with credit for time served since his arrest. Further, the defendant's supervised release shall be extended for a period of one year following his release from the current detention. This would extend the current term of supervised release beyond the currently scheduled expiration of March 26, 2015. All pre-existing special and standard terms of supervised release shall remain in force. In addition, the Court adds this provision to the terms and conditions of supervised release: The defendant is prohibited from possessing or accessing any computer, peripheral device, digital storage media, Internet, or web-capable device. Finally, the Court strongly recommends extension of his current counseling as directed by the Probation Officer.

3.  In reaching this conclusion, the Court has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, history of serious misconduct related to pornography], (a)(2)(B) [not relevant—the underlying misconduct violated the special terms and conditions of supervised release but did not constitute a crime], (a)(2)(C) [not applicable here], (a)(2)(D) [to provide the

defendant with needed counseling], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

4. In reaching these conclusions, the Court also has considered the fact that the underlying violation, serious as it is, does not constitute a crime for which the defendant could be prosecuted. The defendant expressed remorse for the violations and requested modification of the terms of supervised release to restrict access to the internet. The defendant's family is dependent on his business pursuits for its livelihood and an extended term in jail likely would cause a disruption in the business sufficient to cause its failure.

5. The agreement of the parties was not coerced and is a reasonable and appropriate resolution of the violations contained in the Petition.

**Recommendation**

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the imposition of a sentence of incarceration for a period of 30 days (with credit for time served) and extension of supervised release for a period of one year commencing on the date of release with the following addition term/condition: The defendant is prohibited from possessing or accessing any computer, peripheral device, digital storage media, Internet, or web-capable device. The undersigned further recommends that the United States Probation Office direct the defendant to resume and complete counseling. Violation Number 1 in the Petition shall be deemed dismissed upon the District Judge's approval of this recommendation.

Dated: 9 October 2014

CRAIG M. MCKEE, Magistrate Judge
United States District Court
Southern District of Indiana